PER CURIAM.
Where the State fails to disclose to the defendant’s counsel, in response to a request for discovery, the existence of an oral inculpatory statement made at the time of arrest, which the state then uses at trial, the court is obligated to conduct an inquiry, at trial, pursuant to the mandates of Richardson v. State, 246 So.2d 771 (Fla. 1971). From such inquiry it should be determined whether the discovery violation prevented the defendant from adequately preparing for trial. Because that determination cannot be made post-trial, Smith v. State, 500 So.2d 125 (Fla.1986), it follows that it cannot be made by a reviewing court.
*688 The argument of counsel on the defendant’s motion for a mistrial, made at a sidebar conference, did not satisfy the requirement of Richardson. Compare Borges v. State, 459 So.2d 459 (Fla. 3d DCA 1984).
Reversed and remanded for a new trial.